**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                                                                              16-CR-020-A
                                                                                                        **DECISION AND ORDER**
DONTE LEE,

        Defendant.

_____

      Defendant Donte Lee is charged in a two-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession of marijuana, in violation of 21 U.S.C. § 844(a). In proceedings before Magistrate Judge Scott, to whom the Court referred this case for all pretrial matters, the Defendant moved to dismiss the felon-in-possession count, arguing that § 922(g)(1) exceeds Congress's power under the Interstate Commerce Clause. See U.S. Const., Art. I, § 8, cl. 3. The Defendant also moved to sever trial on the felon-in-possession count from trial on the marijuana possession count. On September 15, 2016, Judge Scott filed a Report and Recommendation that (1) recommended denying the Defendant's motion to dismiss; and (2) deferred decision on the Defendant's severance motion. See Docket No. 31.

      Several days later, the Defendant filed a notice stating that he was considering filing a motion related to the Government's anticipated DNA evidence. Judge Scott then set a schedule for additional motions. On October 4, 2016, this Court issued an order stating that, although "[a]ny objections to Magistrate Judge Scott's Report and Recommendation were due by September 29, 2016," because "the matter has been remanded to Judge Scott for further motion practice, the deadline for objections is tolled until Judge Scott rules on the [Defendant's new] pretrial motions." Docket No. 38.

1

The Defendant did not file additional motions by the date Judge Scott set for doing so. And on January 9, 2017, the Defendant filed an affirmation confirming that he did not intend to file additional motions. Docket No. 42. Thus, based on the Court's October 4, 2016 order, any objections to Judge Scott's Report and Recommendation were due 14 days later, or by January 23, 2017. *See* Fed. R. Crim. P. 59(b)(2).

The Defendant did not object to Judge Scott's recommendation by that date. "The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009). The Court has carefully reviewed Judge Scott's Report and Recommendation as well as the record in this case. After its review, the Court finds no clear error in Judge Scott's recommendation.[1] Thus, pursuant to 28 U.S.C. § 636(b)(1), the Court adopts Judge Scott's Report and Recommendation in its entirety. The Court accordingly denies the Defendant's motion to dismiss Count 1.

The Defendant's motion to sever trial on Counts 1 and 2 remains pending. The parties shall appear on March 7, 2017 at 12:30 for oral argument on the Defendant's severance motion. On that date, the parties should also be prepared to set a trial date(s). The parties need not file additional briefing on the Defendant's severance motion.

---

[1] The Court would also adopt Judge Scott's Report and Recommendation if the standard of review were *de novo*.

Finally, because the Defendant's severance motion remains pending, time remains excluded from the Speedy Trial Act clock through and including March 7, 2017. *See* 18 U.S.C. § 3161(h)(1)(D).[2]

**SO ORDERED.**


Dated: February 8, 2016          *s/Richard J. Arcara*
       Buffalo, New York         HONORABLE RICHARD J. ARCARA
                                 UNITED STATES DISTRICT JUDGE

---

[2] Judge Scott previously excluded time through and including January 4, 2017 pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).  *See* Docket No. 39.  However, because the Defendant's severance motion was still pending as of January 5, 2017, time remained excluded beginning on January 5 pursuant to 18 U.S.C. § 3161(h)(1)(D).  Thus, as of today's date, 70 days remain on the Speedy Trial Act clock.