UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          v.                                        **DECISION AND ORDER**
                                                      16-CR–20-A

DONTE LEE,

                       Defendant.

---

      The defendant, Donte Lee, is charged in a two-count Indictment returned on February 16, 2016 with one Count of violating 18 U.S.C. § 922(g) by possessing a firearm after having been convicted of a felony, and one Count of violating 21 U.S.C. § 844(a) by possessing marijuana.  Defendant Lee has moved to sever the two Counts from one another pursuant to Fed. R. Crim. P. 8(a) on the ground that the two alleged offenses are improperly joined in the same Indictment.  Alternatively, the Defendant has also moved to sever the two Counts pursuant to Fed. R. Crim. P. 14(a) on the ground that the combined evidence of the two alleged offenses will prejudice the jury with regard to each individual alleged offense.

      For the reasons stated below, the Court finds that the Counts were properly joined under Rule 8(a), and that the Defendant has not shown that he will suffer prejudice sufficient under Rule 14(a) to outweigh the efficiencies of a joint trial. The motion to sever is therefore denied.

## BACKGROUND

The evidence to be offered at trial by the United States on both the felon-in-possession offense and the marijuana-possession offense alleged in the Indictment is expected to include testimony by a Buffalo Police Officer that, on November 3, 2015, the Officer saw Defendant Lee holding what appeared to be a firearm as a group of people standing on Sherman Street in Buffalo fled when the Officer turned his vehicle onto Sherman Street from Genesee Street. Police officers will testify that they started to pursue the Defendant when he got into an Audi sport-utility vehicle and started to flee.

Another Buffalo Police Officer is expected to testify that he saw Defendant Lee throw what appeared to be a firearm out of the driver's-side window of the vehicle as the Defendant was being pursued by police. Officers are expected to testify the Defendant was attempting to drive through a vacant lot between Sherman Street and a parallel street when he was seen throwing the firearm, and that the Defendant crashed the vehicle into a fence in the vacant lot. Officers are expected to testify the Defendant then attempted to escape on foot, but was caught.

Buffalo Police Officers are expected to testify that they recovered an AA Arms Corp. AP 9, 9mm semi-automatic pistol, bearing serial number 009305, loaded with eighteen (18) rounds of ammunition, in the area where Defendant Lee was seen throwing a gun from the sport-utility vehicle before the crash. An

Officer will also testify that the Defendant was searched after his arrest, and the Officer found and seized from the Defendant's pants pocket a small amount — less than an ounce — of what chemical analysis later indicated is marijuana.

## DISCUSSION

Defendant Lee argues that the felon-in-possession Count and the marijuana-possession Count in the Indictment are "completely unrelated" and should not have been charged in the same indictment. However, Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of offenses in an indictment:

> . . . if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

*Id.* Here, neither of the two alleged offenses are a part of the other, but it is well settled that joinder of offenses under Rule 8(a) is proper "where the same evidence may be used to prove each count." *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991). Here, the *res gestae* of the two possession-based offenses overlaps, and the Court finds preliminarily that the United States will be entitled to introduce into evidence witness testimony of the circumstances preceding and during the Defendant's behavior in the crowd of people on Sherman Street, his attempted flight in the sport-utility vehicle, and then on foot after he crashed the vehicle into a fence in a vacant lot, in support of both of the offenses with which the Defendant is charged. The offenses therefore have

sufficient logical connection and sufficient common evidence to have been charged in the same Indictment under Fed. R. Crim. P. 8(a).  *See United States v. Page*, 657 F.3d 126, 130 (2d Cir. 2011); *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990).

Whether the two offenses with which Defendant Lee is charged should be tried together is a more substantial question.  In general, Fed. R. Crim. P. 14(a) authorizes a court to order separate trials of offenses if it appears that a defendant is substantially prejudiced by the joinder of counts.  Severance may be granted under Rule 14 even if joinder was proper under Rule 8(a).  *United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980).  A defendant has the burden to show that the prejudice from a combined trial would be "substantial prejudice." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004).

A defendant always faces some prejudice if charged with more than one offense, but Rule 8(a) reflects that the interests of sound and efficient judicial administration authorize joint trials despite this degree of prejudice.  *United States v. Werner*, 620 F.2d at 928-29 ("Granting separate trials under Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8(a), since this type of 'prejudice' will exist in any Rule 8(a) case."). Accordingly, it is well-settled that a defendant has the burden to establish that "unfair prejudice resulted from the joinder, not merely that [the defendant] might

have had a better chance for acquittal at a separate trial." *United States v. Page*, 657 F.3d *at* 657 (quotations omitted).

In this case, judicial economy will be served by avoiding the duplication of proceedings and testimony by witnesses about the events leading up to the alleged recovery of the firearm and the alleged seizure of the small amount of marijuana that would be required if separate trials of each Count were ordered by severing the Counts.[1] On the other hand, the evidence in this case concerns uncomplicated events, and the events within the expected testimony of the witnesses for the United States occurred over a short period of time. The duration of the repeated testimony alone, if separate trials were to ordered, would not be lengthy.

Nevertheless, the Court finds Defendant Lee has not shown he will suffer substantial prejudice as a result of a joint trial of the two Counts in the Indictment. There is a small risk that a juror will improperly weigh the felon-in-possession evidence when considering the evidence of the possession of the small amount of marijuana, or improperly weigh the possession-of-marijuana evidence when considering the evidence that a felon possessed a firearm. Both the elements of the offenses and the evidence of the offenses are relatively simple, and the Court

---

[1] Despite the overlapping testimony, the Court would likely exercise its discretion pursuant to Fed. R. Evid. 403 to exclude testimony and evidence about a gun from a separate marijuana-possession trial on the ground the testimony would be unduly prejudicial. Similarly, testimony and evidence about the alleged marijuana would likely be excluded from a separate felon-in-possession trial on similar grounds.

finds that the risk of the jury improperly giving the kind of cumulative weight to the trial evidence that would constitute substantial prejudice to the Defendant is too small to justify even the moderate expenditure of additional resources required to try the two Counts in the Indictment separately.

The Court recognizes Defendant Lee faces potential prejudice just because he faces the felon-in-possession charge, and that the jury will specifically deliberate on his prior felony record. *See United States v. Chevere*, 368 F.3d 120, 122 (2d Cir. 2004) (per curiam); *see e.g.*, *United States v. Amante*, 418 F.3d 220, 223–24 (2d Cir.2005). But the Court will instruct the jury to consider the alleged prior conviction only to determine whether it exists, and for no other purpose. The Court will instruct the jury, more than once, not to speculate about the prior conviction, and that the jurors are not to consider the prior conviction in deciding whether the Defendant was in knowing possession of the firearm he is charged with possessing. These simple instructions require no mental gymnastics on the part of the jury, and are likely to be followed.

Moreover, the Court will instruct the jury to consider each Count separately, and to return a separate verdict of guilty or not guilty for each Count. The Court always stresses to jurors in cases with multiple counts that whether they find a defendant guilty or not guilty as to one Count should not affect their verdict as to the other Count. Because the Court finds these instructions will be sufficient to cure any risk of substantial prejudice to the Defendant Lee, *see Zafiro v. United*

*States*, 506 U.S. 534, 539 (1993), the Defendant's motion for a severance is denied.

The short trial of this case is presently scheduled to begin on June 13, 2017. Based upon the representations of counsel during a March 7, 2017 Court appearance, the Court understands counsel for Defendant Lee is scheduled to be in trial and unavailable starting with a jury selection in another court on April 19, 2017, for a total of approximately six weeks, and that an expert witness for the Defendant in this case is unavailable during the month of May. The Court finds that the interests of justice favoring the Defendant having effective assistance of his counsel of choice, and continuity of his counsel of choice, together with the interests favoring the Defendant having the expert witness he has retained to testify being available to testify during the trial, are interests of justice that outweigh the interests of the Defendant and the public in a speedier trial up to and including June 7, 2017, when Defendant's counsel will next be available. Accordingly, pursuant to 18 U.S.C. § 3161(h)(3)(A) and (h)(7), time is excluded from the Speedy Trial Act calculation of the time to trial from April 17, 2017, through and including June 7, 2017. The Court finds that, as of June 7, 2017, 10 days will have elapsed on the speedy trial clock, and 60 days will remain before the trial must commence.

## CONCLUSION

For the foregoing reasons, the motion of the Defendant, Donte Lee, to

sever the two Counts in the Indictment pending against him (Dkt. No. 27) is denied.  A Final Pretrial Order detailing the parties' obligations for various pretrial submissions, and a schedule for those submissions, shall issue.

Based upon the interests of Defendant Lee in continuity of counsel, effective assistance of counsel, and the unavailability of a defense expert witness, the Court has made an interests-of-justice finding in this Decision and Order and excludes time for Speedy Trial Act purposes from April 17, 2017, through and including June 7, 2017, pursuant to 18 U.S.C. § 3161(h)(3)(A) and (h)(7).  As of June 7, 2017, 60 days will remain on the Speedy Trial Act clock.

If counsel for either party disagrees with the Court's Speedy Trial Act calculations, counsel shall immediately file a motion to correct the Speedy Trial Act calculations.  Further, counsel for the parties shall advise the Court immediately upon learning that any circumstances change with respect to their availability, or witness' availability.

**SO ORDERED.**

      *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  April 6, 2017