UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                              **DECISION AND ORDER**
                                                  16-CR–20-A
DONTE LEE,

                Defendant.

The defendant, Donte Lee, is charged in an Indictment with one count of violating 18 U.S.C. § 922(g) by possessing a firearm after having been convicted of a felony, and one count of violating 21 U.S.C. § 844(a) by possessing marijuana. Evidence of the two alleged offenses overlaps substantially, and to eliminate a risk of unfair prejudice Defendant Lee has moved to bifurcate the trial to exclude any mention or evidence of his prior felony convictions until after the jury finishes deliberating on whether he possessed the firearm and marijuana. The Defendant argues that his prior felony convictions are so highly prejudicial that the Court should split the presentation of evidence and jury deliberations into two sequential segments to eliminate the prejudice. For the reasons that follow, the Court finds that other measures will protect against the risks of prejudice the Defendant faces, and his motion to bifurcate the trial is denied.

## DISCUSSION

Defendant Lee previously moved pursuant to Fed. R. Crim. P. 14(a) to sever the trial of the felon-in-possession count in the two-count Indictment from the marijuana-possession count based upon the theory that his prior felony convictions

would prejudice the jury against him on both counts.  On April 6, 2017, the Court found that the Defendant did not meet his burden to establish that separate trials are necessary to protect the Defendant from substantial prejudice, and denied the severance motion.  Dkt. No. 44.  The Court found that a stipulation to a single felony conviction[1], combined with limiting instructions the Court expects to deliver to the jury to preclude speculation and spillover prejudice will protect the Defendant from the risks of unfair prejudice that might arise during the trial.  *Id.* at pp. 6-7.  The Court presumes the parties' familiarity with that closely-related ruling, and with all the prior proceedings in the case.

Defendant Lee argues that the only way short of severing the two counts for separate trials to avoid the jury considering his "totally irrelevant but highly prejudicial" felony record when it deliberates on the charge that he possessed marijuana is to bifurcate the trial into two phases.  Dkt. No. 58-1, p. 1.  The Defendant argues bifurcation will "not cause anything more than a few minute delay."  *Id.*

Defendant Lee relies upon an unusual Second Circuit decision, *United States v. Jones*, 16 F.3d 487 (2d Cir. 1994), in which the Circuit found spillover prejudice from evidence of defendant Jones' prior felony conviction that had been admitted in support of a felon-in-possession-of-a-firearm conviction that had to be reversed on appeal.  16 F.3d at 493.  Evidence and mention of the prior conviction tainted two

---

[1] The felon-in-possession count in the two-count Indictment lists three prior felony convictions sustained by Defendant Lee.  The parties expect to enter a stipulation into evidence that the Defendant has one felony, and the stipulation will not reveal the specific felony offense or any facts upon which the conviction was based.

jointly-tried armed bank robbery and bank robbery convictions with "compelling prejudice." *Id.* The prejudice was exacerbated by the trial court's repeated references to defendant Jones' prior felony conviction in its limiting instructions. 16 F.3d at 492-93.

Moreover, the Second Circuit observed in *Jones* that the same armed bank robbery and bank robbery charges against the defendant had previously been tried — without the felon-in-possession charge — before a jury that deadlocked with a vote of 10 to 2 in favor of acquittal. 16 F.3d at 489. The mistrial vote-count tended to show that the evidence of the two bank robberies when tried alone was weak, and that compelling prejudice resulted because of the incremental impact of defendant Jones' prior felony conviction in the second trial. In these circumstances, the Second Circuit suggested that bifurcation of the trial (if not severance) would have eliminated the spillover prejudice from evidence of the defendant's prior felony. *Id.* at 492.

The circumstances in Defendant Lee's case are markedly different, and the steps the Court is taking to eliminate the risks of prejudice to the Defendant are sufficient to ensure that he will receive a fair trial. The limited stipulation that the parties expect to enter into evidence will indicate that the Defendant has been convicted of a single felony offense, and the stipulation will not disclose the nature of the offense or any of the specific facts underlying the offense. In light of the parties' stipulation, the jury will not be able to speculate that some particular felony conviction, based upon particular facts, tends to show the Defendant has a propensity to possess marijuana.

Defendant Lee downplays the effects of the limited stipulation, and he stresses the risk that a juror may improperly infer from the evidence that he has an unspecified felony conviction that it is more likely that the Defendant possessed marijuana as he is charged in the Indictment. However, as the Court previously indicated:

> . . . the Court will instruct the jury to consider the alleged prior conviction only to determine whether it exists, and for no other purpose. The Court will instruct the jury, more than once, not to speculate about the prior conviction . . . . Moreover, the Court will instruct the jury to consider each Count separately, and to return a separate verdict of guilty or not guilty for each Count. The Court always stresses to jurors in cases with multiple counts that whether they find a defendant guilty or not guilty as to one Count should not affect their verdict as to the other Count.

Dkt. No. 44, p. 6. The Court's instructions in this case are relatively straightforward and are likely to be followed. *Id.* Indeed, "[a] jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). By arguing that only bifurcation of the trial (if not severance) can protect him from risk of prejudice flowing from evidence of his prior conviction, the Defendant would have the Court presume, instead, that the jury will not follow the Court's limiting instructions.

Moreover, bifurcating the trial is not as simple as Defendant Lee suggests. Bifurcation of the trial would require the Court to alter its preliminary and later instructions to the jury. The Court would edit the reading of the text of 18 U.S.C. § 922(g) to the jurors to eliminate mention of the prior-felony element of the felon-in-possession offense, and would edit preliminary and first-phase instructions to eliminate mention of the prior-felony element of the felon-in-possession count.

Bifurcation of the trial would require the Court to instruct the jury about the two-step sequential process that bifurcation would entail.  The Court would have to explain the two-step process and its reasons for adopting the two-step process.

The Court finds that the procedures and instructions required by bifurcation of the trial would themselves create genuine risks of confusion and prejudice.  For example, requiring the jury to deliberate solely on the possession and interstate-commerce elements of the felon-in-possession count would require the jury to return a special verdict on an otherwise lawful possession of a firearm.  Juror speculation or confusion about why they were being required to deliberate and return a partial verdict concerning an apparently lawful possession of a firearm could prejudice either party or both parties:  some jurors might be reluctant to vote on what appears to be a lawful-possession issue; others might speculate that whatever was being held for the second phase of the trial and deliberations must be egregiously prejudicial, and would therefore be more inclined to find possession.  The jury instructions required to eliminate these potential risks would be themselves be more complicated and more confusing that the limiting instructions the Court will deliver to protect the Defendant from the risk of spillover prejudice.

In the final analysis, the Court finds Defendant Lee has not shown that the limited stipulation as evidence of the Defendant's prior felony conviction, together with the relatively straightforward standard limiting instructions the Court will deliver to the jury, will fail to eliminate the risk of prejudice in this case.  The Court acknowledges that bifurcation of a trial of a felon-in-possession count being tried with

5

other counts may, in some circumstances, be appropriate and necessary to ensure that a defendant receives a fair trial. *See United States v. Amante*, 418 F.3d 220, 224 n.2 (2d Cir. 2005); *United States v. Jones*, 16 F.3d 487 (2d Cir. 1994). But here, the trial is relatively simple, and the risks of unfair prejudice the Defendant faces will be eliminated by the stipulation the parties will enter into evidence and by the straightforward limiting instructions the Court will deliver to the jury. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).[2]

## CONCLUSION

For the foregoing reasons, the motion of the Defendant, Donte Lee, to bifurcate the trial with respect to his prior felony conviction (Dkt. No. 58) is denied.

**SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: June 12, 2017

---

[2] Fed. R. Crim. P. 14(a) give the Court discretion to grant "any other relief that justice requires" short of severance if joint trials may prejudice a defendant, and it is the only authorization in the Federal Rules of Criminal Procedure for bifurcation of a trial.